# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DAVID SUTTON, JR.**

      **Plaintiff,**              **CIVIL ACTION NO. 05-CV-70207**

      **vs.**              **DISTRICT JUDGE VICTORIA A. ROBERTS**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This Court recommends that Plaintiff's Motion for Summary Judgment be **DENIED** and Defendant's Motion for Summary Judgment be **GRANTED**.

## PROCEDURAL HISTORY

This is an action for judicial review for the final decision by the Commissioner of Social Security that the Plaintiff was not under a disability from 1983 onwards for purposes of the Social Security Act. 42 U.S.C. §§ 423,1382. This issue for review is whether the Commissioner's decision is supported by substantial evidence on the record.

Plaintiff David Sutton applied for and received Disability Insurance Benefits ("DIB") for an open period beginning on June 23, 1983. (Tr. 96-100). Plaintiff's claim was reopened in 2002 based on information forwarded from the U.S. Attorney's Office and the Office of the Social Security Administration's Inspector General. The Appeals Council remanded Plaintiff's case to an Administrative Law Judge for a new hearing. (Tr. 490). ALJ Alfred H. Varga first noticed a hearing for March 11, 2003, which Plaintiff declined to attend. (Tr. 585). The ALJ sent a second notice of hearing for May 7, 2003, which Plaintiff also declined to attend. (Tr. 589).

On July 16, 2003 the ALJ issued a written opinion finding that Plaintiff was not under a disability from June 23, 1983 to at least 1997 because he had engaged in substantial gainful activity during that period. (Tr. 23-23). Plaintiff unsuccessfully sought review of the ALJ's decision from the Appeals Council. (Tr. 12-15). The ALJ's written opinion is now the final opinion of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff appealed the denial of his claims to this Court, and both parties have filed motions for Summary Judgment.

## FACTS

On January 21, 1985 the Social Security Administration determined that Plaintiff had been disabled for an open period beginning June 23, 1983. (Tr. 100). Plaintiff has repeatedly represented that he has not worked since June, 1983. (Tr. 133, 170, 202, 236, 380).

Plaintiff filed a bankruptcy petition in 1997. (Tr.296). Plaintiff signed a declaration, under penalty of perjury, that he believed the statements in his bankruptcy petition to be true. (Tr. 309). In the petition, Plaintiff represented that he was employed as the CEO of Sutton's Candy MFG. Co., and received a gross income of $1,354.17 per month in connection with that position. (Tr. 296-307). Plaintiff also represented that he had received more than $45,000 in gross income from employment in 1995 and 1996. (Tr. 310).

At a September 22, 1997 hearing, Plaintiff testified about the relationship between his business and the Detroit Public Schools. (Tr. 323-329). He testified that he had received more than one hundred thousand dollars a year in business from the Detroit Public Schools pursuant to oral contracts for each of the past sixteen years, and nearly one and a half million dollars in business from the Detroit Public Schools in 1994 or 1995. (Tr. 327-29).

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her finders are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v Perales,* 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson* , 402 U.S. at 401 (quoting *Consolidated Edison Co. V. NLRB,* 305 U.S. 197 (1938)). It is not the function of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs*., 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole. *Kirk v Sec'y of Health and Human Servs*., 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied,* 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence is also supports the opposite conclusion in the reviewing court would decide the matter differently. *Her v. Comm'r,* 203 F.3d 388, 389-90 (6th Cir 1999).

## DISCUSSION AND ANALYSIS

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff had to show that:

(1) he was not presently engaged in substantial gainful employment; and

(2) he suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

>      (4)   he did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented him from doing his past work the Commissioner would, at step five, consider his RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that, [the claimant] has had the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

In this case, the ALJ concluded that Plaintiff had performed substantial gainful activity from 1983 through 1997, and therefore was not entitled to Social Security Benefits.

>      Substantial gainful activity is work activity that is both substantial and gainful:
>      (a) Substantial work activity, Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility that when you worked before.
>      (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 404.1572.

Plaintiff argues that his statement at the Bankruptcy hearing was merely a "futuristic" statement that he could earn a salary sufficient to support a bankruptcy reorganization plan. Plaintiff

also argues that the ALJ misinterpreted Plaintiff's statements about the gross earnings of his business as statement about Plaintiff's net personal income

The ALJ's conclusion that Plaintiff engaged in substantial gainful activity from 1983 to 1997 is supported by substantial evidence on the record. Plaintiff represented in his bankruptcy petition and at the bankruptcy hearing that he received income for work as a CEO, and that he was actively and consistently involved in acquiring and negotiating contracts for his company from 1983 through the time of the hearing. He also represented that he made more that $45,000 in salary in 1995 and 1996. The Code of Federal Regulations presumes that a person with this amount of personal income from work is engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1574 (average earnings of more than $1000 per month are presumed to result from substantial gainful activity). Taken together, the evidence substantially supports the ALJ's conclusion that Plaintiff engaged in substantial work activity from 1983 through 1987.

## **RECOMMENDATION**

The Commissioner's decision is supported by substantial evidence. Plaintiff's Motion for Summary Judgment should be **DENIED**, and Defendant's Motion for Summary Judgment should be **GRANTED**.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636 (b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendations. *Willis v*

*Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (tth Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The responses shall address specifically, and in the same order raised, each issued contained within the objections.

Dated: June 16, 2006                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 16, 2006                s/ Lisa C. Bartlett
                                    Courtroom Deputy