UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SUTTON, JR.,

    Plaintiff,

v.                                      Case No. 05-70207
                                      Hon. Victoria A. Roberts

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This matter is before the Court on Cross Motions for summary judgment. For the following reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **DENIES** Plaintiff's Motion; and, (3) **GRANTS** Defendant's Motion.

**II. BACKGROUND**

This action arises out of the denial of Social Security Disability benefits to Plaintiff, David Sutton, Jr.

Plaintiff was injured in a car accident on June 23, 1983. As a result, he was ruled disabled. He began receiving benefits on January 21, 1985. That award was vacated on September 4, 2002, and remanded for further findings, following new information presented during Plaintiff's bankruptcy proceedings. On July 16, 2003, ALJ Varga

1

found Plaintiff was not disabled, at least from 1983 through 1997, and benefits ceased. Plaintiff's request for review was denied by the Appeals Council.

On April 13, 2005, Plaintiff filed an action here seeking review of ALJ Varga's decision. Both parties filed Motions for summary judgment.

### III.   STANDARD OF REVIEW

This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ. It cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

### IV.   APPLICABLE LAW AND ANALYSIS

There are five factors that the Social Security Administration uses to determine eligibility for benefits.  Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work.  *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner for the fifth factor to show that there is other work available in the economy that the claimant can perform.  20 C.F.R. §§404.1520(b)-(f).  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987).  This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments.  *Id.*

### A.    ALJ Determination

ALJ Varga denied benefits at step one, finding that Plaintiff engaged in substantial gainful activity from 1983 through 1997.

Based on the transcript of the bankruptcy proceedings, ALJ Varga found Plaintiff had either physically worked or provided significant managerial services to his corporation, Sutton Candy Company, from June 3, 1983 to at least 1997.  ALJ Varga noted that Plaintiff does not challenge the veracity of his statements during the bankruptcy proceedings.  ALJ Varga cited repeatedly from the transcript of Plaintiff's

341 bankruptcy hearing. The references included statements by Plaintiff that he operated the candy company, that he negotiated contracts, sold candy, and earned over $100,000 a year. [Transcript, p. 29]. Further, ALJ Varga emphasized a portion of the bankruptcy transcript where Plaintiff testified that for sixteen years, he had a verbal agreement with the Detroit School Board, which resulted in income of "[m]aybe $300,000, $400,000 a year." [Transcript, p. 31]. Based on the evidence presented, ALJ Varga found that Plaintiff engaged in substantial gainful activity from June 23, 1983 through 1997. [Transcript, p. 32].

Plaintiff challenges the ALJ's findings, claiming that he erroneously relied on Plaintiff's reports of the company's gross income, rather than his personal net income. Additionally, Plaintiff asserts that while he remained the CEO of Sutton Candy Company, he did not do any work for the company following the car accident in 1983.

**B.     Report and Recommendation**

Magistrate Judge Mona Majzoub issued a Report and Recommendation ("R&R") on June 16, 2006, recommending denial of Plaintiff's Motion for summary judgment and granting Defendant's Motion. She found that ALJ Varga's conclusion is supported by substantial evidence, based on the representations Plaintiff made during his bankruptcy proceedings regarding the earnings of the company and his own income.

**C.     Analysis**

There is substantial evidence on the record for ALJ Varga's conclusion that Plaintiff engaged in substantial gainful activity from June of 1983 through 1997.

Substantial gainful activity must be both substantial and gainful:

(a)     Substantial work activity.  Substantial work activity is work activity

>    that involves doing significant physical or mental activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
>
> (b)   Gainful work activity.  Gainful work activity is work activity that you do for pay or profit.  Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 CFR §404.1572.

Plaintiff objects to Magistrate Judge Majzoub's R&R.  He objects because she referred to Plaintiff's statement during his bankruptcy proceedings that his monthly income was $1,354.17, but ALJ Varga did not cite that information in his findings.  ALJ Varga only referred to the company's gross earnings.  Plaintiff claims that the Court may only consider evidence cited by the ALJ when reviewing the ALJ's findings.

Plaintiff is wrong.  Evidence in the record, although not referenced by the ALJ in his findings, may be considered for purposes of reviewing the ALJ's decision.  *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

ALJ Varga found that through Sutton Candy Company, Plaintiff as CEO, performed substantial gainful activity from June 1983 through 1997.  There is ample evidence in the record to support his conclusion.  Plaintiff remained CEO of the corporation during that period of time.  He testified that he negotiated contracts, sold candy, and operated the business. [Transcript, p. 29].  Further, on Schedule I of his bankruptcy filings, he reported his monthly net income as $1,016.17. [Transcript, p. 307].  The company itself made well over that amount.  Additionally, Plaintiff testified that for the duration of the relevant period, Sutton Candy Company had a verbal agreement with the Detroit School Board. [Transcript, pp. 327-328].  During one of

those years the company grossed over a million dollars, according to Plaintiff. [Transcript, p. 329]. Plaintiff does not challenge the veracity of any of the statements made in the record.

Accordingly, there was substantial evidence to support ALJ Varga's finding that Plaintiff engaged in substantial gainful activity from June 1983 through 1997.

**V.   CONCLUSION**

For the foregoing reasons, the Court: (1) **ADOPTS** the Report and Recommendation; (2) **DENIES** Plaintiff's Motion; and, (3) **GRANTS** Defendant's Motion.

**IT IS SO ORDERED.**

**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:   July 24, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 24, 2006.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**